# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 80 HUNTFIELD DRIVE TRUST, | Case No. 2:13-cv-00595-APG-CWH |
| Plaintiff, | |
| v. | **ORDER OF REMAND** |
| CONNIE CONTRERAS *et al.*, | |
| Defendants. | |

This matter was removed to this federal court by defendants Wells Fargo Bank, N.A. and Wells Fargo Bank (collectively, "Wells Fargo"). (Dkt. No. 1.) Wells Fargo contends that this court has diversity jurisdiction over the case because defendant Connie Contreras (like Plaintiff, a Nevada resident), is a sham defendant and/or was fraudulently joined to this case to defeat diversity jurisdiction; as such, Ms. Contreras should be disregarded as part of the diversity jurisdiction analysis.

Plaintiff 80 Huntfield Drive Trust ("Huntfield") moved the court to remand the matter to state court, asserting that defendant Contreras was not fraudulently joined. (Dkt. No. 15.) On June 11, 2013, Huntfield filed a Supplement to its Motion to Remand (Dkt. No. 23) arguing that the "prior exclusive jurisdiction" doctrine precludes this court from exercising jurisdiction over this case.

"The prior exclusive jurisdiction doctrine holds that 'when one court is exercising *in rem* [or *quasi in rem*] jurisdiction over a *res*, a second court will not assume *in rem* [or *quasi in rem*] jurisdiction over the same *res*.'" *Chapman v. Deutsche Nat'l Trust Co. (Chapman I)*, 651 F.3d

1039, 1043 (9th Cir. 2011) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)). Courts in the Ninth Circuit "are bound to treat the doctrine as a mandatory rule, not a matter of judicial discretion. . . . If the doctrine applies, federal courts may not exercise jurisdiction." *Id*. at 1044.

In *Chapman I*, the Ninth Circuit certified to the Nevada Supreme Court the questions whether unlawful detainer and quiet title are proceedings *in rem*, *quasi in rem*, or *in personam* under Nevada Law. *Id*. at 1048. The Nevada Supreme Court recently held that unlawful detainer and quiet title are not *in personam* proceedings; they are either *in rem* or *quasi in rem* in nature. *Chapman v. Deutsche Bank Nat'l Trust Co.* (*Chapman II*), __ P.3d __, 129 Nev. Adv. Op. 34 at *5 (Nev. May 30, 2013). With this answer, the Ninth Circuit remanded the quiet title case to the federal district court to determine whether or not parallel state proceedings remained pending. *Chapman v. Deutsche Bank Nat'l Trust Co.* (*Chapman III*), __ F. App'x __, 2013 WL 3157512 at *1 (9th Cir. June 24, 2013). "If the Unlawful Detainer Action remains pending, the Quiet Title Action should be dismissed for lack of subject matter jurisdiction. . . . If the state action has terminated, the district court may elect to proceed with the instant action." *Id*.

The present case is similar to *Chapman*. Huntfield filed a quiet title action in state District Court in January 2013. On February 11, 2013, Huntfield filed an unlawful detainer action in the Henderson Justice Court. On April 5, 2013, Wells Fargo removed the quiet title action to this court.[1] The crucial fact is that the Henderson Justice Court exercised (and continued to exercise) jurisdiction over the unlawful detainer action before this federal court exercised jurisdiction over the quiet title action by removal. *Id*. Because "both actions are *in rem* or *quasi in rem*, 'the doctrine of prior exclusive jurisdiction applies.'" *Id*. (quoting *Chapman I*, 651 F.3d at 1044). Thus, removal to this federal court was improper because, based on that doctrine, this court "may not exercise jurisdiction" over the case. *Id*. Although the unlawful detainer case appears to have been resolved now and is no longer pending in the Henderson Justice Court, this court has

---

[1] On April 2, 2013, the Henderson Justice court held a hearing and entered an "Order for Entry of Temporary Writ of Restitution," but stayed that Order until May 2, 2013. A Temporary Writ of Restitution was signed and filed by the Henderson Justice Court on April 10, 2013, five days after the quiet title action was removed to this federal court.

2

discretion to proceed with or remand the quiet title action. *Chapman III,* 2013 WL 3157512 at *1. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Because this case involves only the resolution of issues of Nevada law, this court exercises its discretion to remand this case to the state court.

Accordingly, the Court hereby ORDERS this case REMANDED to the Eighth Judicial District Court, Clark County, Nevada.

DATED this 3rd day of July, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE